# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-00319-MOC
# (3:01-cr-00195-MOC-1)

| | |
|---|---|
| HASSAAN HAAKIM RASHAAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Hassaan Haakim Rashaad's pro se "Motion for Bond Pending § 2255" (Doc. No. 8) and pro se "Motion for Clarification on Whether AUSA; Amy E. Ray Has Fulfilled Her Appointed Fiduciary Duties in Regards to Mr. Rashaad's Motion for Bond" (Doc. No. 9).

Petitioner is a federal prisoner who, through appointed counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255, on June 9, 2016. (Doc. No. 1.) Action in this matter is stayed pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433. (Doc. No. 6.)

Although still represented by counsel, Petitioner has filed a pro se motion asking the Court to set a bond for his release pending resolution of his Motion to Vacate and purporting to appoint a specific assistant United States Attorney ("AUSA") as "fiduciary for all Civil/Criminal and Judicial matters." (Doc. No. 8.) Petitioner, however, does not have the power to appoint a fiduciary "for all [of his] Civil/Criminal and Judicial matters." The Court notes also that Petitioner's Motion includes a fraudulent financing statement in the form of a self-prepared

1

"Bonded Promissory Note" payable to the Clerk of Court by Steven Mnuchin, the United States Secretary of the Treasury, "for the purpose of terminating any past, present, or future liabilities express or implied attached to [the] Bail Bond." (Doc. No. 8 at 3.)

Petitioner also has filed a pro se Motion asking the Court to clarify whether the aforementioned AUSA has satisfied her fiduciary duties with respect to the Motion for Bond. (Doc. No. 9.) The Court need not address the utter frivolity of this Motion.

The Constitution does not confer a right to proceed both pro se and through counsel simultaneously. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation); see also, United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (noting that where defendant is represented by counsel on appeal and his appeal is not submitted pursuant to Anders v. California, 386 U.S. 738 (1967), defendant may not submit pro se briefing). Absent credible evidence that Petitioner is no longer represented by counsel, the Court is not obligated to consider his pro se filings. See Wiggins, 465 U.S. at 183. Accordingly, Petitioner's pro se Motions shall be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's pro se "Motion for Bond Pending § 2255" (Doc. No. 8) and pro se "Motion for Clarification on Whether AUSA; Amy E. Ray Has Fulfilled Her Appointed Fiduciary Duties in Regards to Mr. Rashaad's Motion for Bond" (Doc. No. 9) are **DISMISSED**.

Signed: July 27, 2018

Max O. Cogburn Jr.
United States District Judge