# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:16-cv-319-MOC
### (3:01-cr-195-MOC-1)

| | | |
|---|---|---|
| **HASSAAN HAAKIM RASHAAD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion to Dismiss, (Doc. No.

14).

## I.     BACKGROUND

Petitioner and a co-defendant were charged in the underlying criminal case with: Count

(1), conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951); Counts (2), (4), (6) and (8),

Hobbs Act robbery and aiding and abetting the same (18 U.S.C. §§ 1951, 2); Counts (3), (5), (7)

and (9) using, carrying and brandishing a firearm during and in relation to a crime of violence

(Counts (2), (4), (6) and (8)) and aiding and abetting the same (18 U.S.C. §§ 924(c), 2); Count

(10), conspiracy to possess with intent to distribute a 50 grams or more of cocaine base and a

detectable amount of marijuana (21 U.S.C. §§ 846, 841(b), 860); Count (11), possession with

intent to distribute a detectable amount of marijuana (21 U.S.C. §§ 841(a)(1), 841(b)); Counts (12),

(13) and (14), possession with intent to distribute five grams or more of cocaine base (21 U.S.C.

§§ 841(a)(1), 841(b)). (3:01-cr-195-MOC ("CR") Doc. No. 36). A jury found Petitioner guilty as

charged. (CR Doc. No. 78). The Court adjudicated him guilty and sentenced him as a career

1

offender to a total of life imprisonment plus 82 years. (CR Doc. No. 93); see (CR Doc. No. 189 at ¶ 65) (Presentence Investigation Report). The Fourth Circuit Court of Appeals affirmed. United States v. Rashaad, 76 F. App'x 509 (4th Cir. 2003).

Petitioner then filed several post-conviction motions that were unsuccessful. See Rashaad v. United States, 2009 WL 277604 (W.D.N.C. Feb. 5, 2009) (dismissing § 2255 petition), *appeal dismissed*, 332 F. App'x 152 (4th Cir. 2009); United States v. Rashaad, 390 F. App'x 224 (4th Cir. 2010) (affirming denial of § 3582 relief); Rashaad v. United States, 2012 WL 2131341 (W.D.N.C. June 12, 2012) (dismissing § 2255 petition); United States v. Rashaad, 2012 WL 4758271 (W.D.N.C. Oct. 5, 2012) (denying § 3582 reconsideration), *affirmed* United States v. Rashaad, 512 F. App'x 294 (4th Cir. 2013); Rashaad v. United States, 2014 WL 4987212 (W.D.N.C. Oct. 7, 2014) (denying and dismissing § 2241 petition), *affirmed* Rashaad v. United States, 590 F. App'x 289 (4th Cir. 2015); United States v. Rashaad, 2015 WL 12914134 (W.D.N.C. Sept. 16, 2015) (denying clarification of restitution order), *affirmed* United States v. Rashaad, 634 F. App'x 942 (4th Cir. 2016); United States v. Rashaad, 720 F. App'x 173 (4th Cir. 2018) (dismissing motion to compel with regards to transcripts).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 9, 2016. He argues that his career offender sentence and § 924(c) convictions are invalid pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). This case was then stayed pursuant to the United States Supreme Court's consideration of Beckles v. United States, No. 15-8455 and the Fourth Circuit's consideration of United States v. Ali, No. 15-4433. (Doc. No. 6). Counsel for Petitioner filed a Supplemental Memorandum in Support of Petitioner's Motion to Vacate arguing that Johnson applies to Petitioner's career offender sentence notwithstanding Beckles v. United States, 137 S.Ct.

886, 895 (2017), because Petitioner was sentenced pursuant to the pre-Booker[1] mandatory U.S. Sentencing Guidelines. (Doc. No. 7). The stay was lifted following the United States Supreme Court's issuance of United States v. Davis, 139 S.Ct. 2319 (2019).

The Government filed a Motion to Dismiss, (Doc. No. 14), arguing that Petitioner's § 924(c) challenge is procedurally defaulted, that his § 924(c) convictions are valid because substantive Hobbs Act robbery is a crime of violence, and that Petitioner's vagueness challenge to the career offender guidelines is untimely.

Petitioner filed a Response arguing that the § 924(c) convictions must be vacated because the verdict form does not specify which predicates support the § 924(c) offenses. As such, the jury could have based those convictions on Hobbs Act conspiracy pursuant to Pinkerton[2] co-conspirator liability or aiding and abetting Hobbs Act robbery, neither of which qualifies as a crime of violence for purposes of § 924(c). The § 924(c) claim is not procedurally defaulted because claims that a statute of conviction is unconstitutional and that the indictment fails to state an offense cannot be procedurally defaulted, Petitioner can establish cause and prejudice because he is raising a novel legal claim, Petitioner is actually innocent of the § 924(c) convictions, and the mandatory career offender sentence violates due process.

The Government filed a Reply, (Doc. No. 19), arguing that there is no ambiguity because Petitioner's § 924(c) convictions are supported by Hobbs Act robbery predicates and that Petitioner's career offender challenge is foreclosed by binding Fourth Circuit precedent that holds such challenges untimely.

## II.    SECTION 2255 STANDARD OF REVIEW

---

[1] United States v. Booker, 543 U.S. 220 (2005).
[2] Pinkerton v. United States, 328 U.S. 640 (1946).

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Rules Governing Section 2255 Proceedings provide that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings…" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  Rule 4(b), 28 U.S.C. foll. § 2255. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

**(1)    Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

4

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that his claims are not procedurally defaulted because claims that a statute of conviction are unconstitutional and that an indictment fails to state an offense cannot be procedurally defaulted, and that Petitioner can establish cause and prejudice because he is presenting a novel legal claim. Assuming *arguendo* that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) convictions and career offender sentence are valid and are not undermined by a novel legal theory. See Sections (2)-(3), *infra.*

Petitioner similarly argues that he is actually innocent of violating § 924(c) because there is no underlying crime of violence. However, the record conclusively refutes Petitioner's claim that he is innocent of violating § 924(c) so the actual innocence exception does not apply. See Section (3), *infra;* United States v. Terry, 788 Fed. Appx. 933 (4th Cir. 2020) (rejecting § 2255 petitioner's claim that he is actually innocent of the § 924(c) offense because Hobbs Act robbery constitutes a crime of violence under the § 924(c) force clause).

Petitioner's claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

5

**(2)** **Career Offender Sentence**

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from

the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner argues that the challenge to his career offender sentence is timely pursuant to §

2255(f)(3) because his Motion to Vacate was filed within one year of Johnson's issuance.

In Johnson, the United States Supreme Court announced that the Armed Career Criminal

Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right.[3]

Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, the Supreme Court has held

that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137

S.Ct. 886, 894 (2017).

"[N]either Johnson, nor Beckles, nor any other Supreme Court case has recognized the

specific right on which [Petitioner] seeks to rely," that is, whether Johnson applies to the pre-

Booker mandatory guidelines. United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017). "If a

---

[3] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the ACCA residual clause.

question is expressly left open, then the right, *by definition*, has not been recognized." Id. at 299 n.1. Because the United States Supreme Court has not recognized the right that Petitioner seeks to enforce with regards to his career offender sentence, he does not fall within § 2255(f)(3) and this claim is time-barred.

**(3)      § 924(c)**

The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague pursuant to the principles set forth in Johnson.[4] United States v. Davis, 139 S.Ct. 2319 (2019). Davis does not undermine Petitioner's § 924(c) convictions and sentences because the predicate offense for each of the challenged counts, Hobbs Act robbery, is a crime of violence under § 924(c)'s force clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner contends that the predicate offenses for his § 924(c) convictions are ambiguous because they could have been predicated on Hobbs Act conspiracy under a Pinkerton theory, which is not a crime of violence pursuant to United States v. Simms, 914 F.3d 229 (4th Cir. 2019). Petitioner's reliance on Simms is misplaced. For each of the § 924(c) charges, the Indictment specifically identifies as the predicate crime of violence the charge of Hobbs Act robbery that immediately precedes it. The jury found Petitioner guilty of each of the § 924(c) offenses "[a]s to the charge contained in … [the relevant count of the] Bill of Indictment." (CR Doc. No. 78). There was no ambiguity about the jury's finding that each § 924(c) charge was supported by a specific charge of Hobbs Act robbery. Petitioner's suggestion that a Pinkerton theory of liability undermined the jury's findings in this regard is lacking in any legal or factual foundation. See,

---

[4] Section 924(c) provides for enhanced sentencing for any person who uses or carries a firearm or possesses a firearm in furtherance of any crime of violence or drug trafficking crime. A "crime of violence" is defined under § 924(c)(3) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) *that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924 (emphasis added). The italicized portion of the definition is referred to as the § 924(c) residual clause.

7

e.g., Moore v. United States, 2019 WL 5454487 (W.D.N.C. Oct. 23, 2019) (rejecting argument that a Pinkerton instruction essentially converted a Hobbs Act robbery conviction into one for Hobbs Act conspiracy); United States v. Singleton, 2019 WL 3454662 (D.S.C. July 31, 2019) (distinguishing Hobbs Act conspiracy from Hobbs Act robbery under a theory of Pinkerton liability).

The Court further rejects Petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence. Aiding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals."). Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of Hobbs Act robbery "necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, aiding and abetting Hobbs Act robbery also qualifies as a crime of violence under § 924(c)'s force clause. See id.; United States v. Richardson, 948 F.3d 733 (6th Cir. 2020); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. McKelvey, 773 F. App'x 74, 75 (3d Cir. 2019); see also United States v. Brayboy, 789 F. App'x 384 (4th Cir. 2020) (noting that, while the Fourth Circuit did not address aiding and abetting liability in Mathis, every circuit to have considered it has rejected it and therefore

defendant failed to demonstrate plain error). As such, Petitioner's § 924(c) convictions predicated on the various counts of aiding and abetting Hobbs Act robbery are valid.

The Court will, therefore, grant the Government's Motion to Dismiss and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss, (Doc. No. 14), is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 24, 2020

Max O. Cogburn Jr.
United States District Judge